```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| EDMUND K. MAWHINNEY and MICHAEL V. FRANCESCO, | |
| Plaintiffs, | Civil Action No. 08-cv-3317 (NLH)(JS) |
| v. | **MEMORANDUM & ORDER** |
| KEVIN A. BENNETT, et al., | |
| Defendants. | |

**HILLMAN, District Judge**

THIS MATTER having come before the Court upon a letter, dated September 27, 2010, by Plaintiffs, Edmund K. Mawhinney and Michael V. Francesco, requesting that the Court remand this case to New Jersey state court, and upon the Court's own initiative to determine, sua sponte, the propriety of exercising supplemental jurisdiction over the remaining state law claims;[1] and

Plaintiffs having originally commenced this suit against Defendants in July 2008; and

The Court's subject matter jurisdiction over this case having been predicated upon federal question jurisdiction pursuant to 28 U.S.C. § 1331; and

The Court having dismissed most of Plaintiffs' federal claims as part of its Opinion and Order issued on January 11,

---

[1] The Court advised the parties in its Opinion dated January 11, 2010 that it could revisit, sua sponte, the issue of supplemental jurisdiction once any federal claims against defendant, Domenic Cappella, were dismissed.

2010; and

    Plaintiffs stating, in a letter dated June 23, 2010, that they voluntarily withdraw their sole, remaining federal cause of action against defendant, Domenic Cappella, and thus will not prosecute it; and

    It appearing that no parties dispute or contest Plaintiffs' withdrawal of that amorphous federal claim; and

    It appearing that the only basis for this Court's continuing jurisdiction over Plaintiffs' remaining state law claims against defendants, Cappella and the Atlantic City Vulcans, being supplemental jurisdiction pursuant to 28 U.S.C. § 1367; and

    Cappella having moved to dismiss Plaintiffs' complaint on or around August 17, 2010; and

    The Atlantic City Vulcans having moved to dismiss Plaintiffs' complaint on or around November 1, 2010; and

    Plaintiffs arguing that the Court should no longer exercise supplemental jurisdiction over its pendent state law claims, and should remand the matter to New Jersey state court, because no federal questions remain in this case and the Court should not needlessly decide issues of state law; and

    Cappella, in a letter also dated September 27, 2010, arguing that the Court should continue to exercise supplemental jurisdiction, and should decide its pending motion to dismiss, because the grounds for Cappella's motion to dismiss mirror the

same reasons why the Court already dismissed Plaintiffs' claims against defendant, Kevin A. Bennett,[2] and were the Court to ignore Cappella's motion, it would invite a state court to reach a different, inconsistent result than that reached by this Court in its earlier decision; and

The Court noting that "[a] district court may decline to exercise supplemental jurisdiction over a claim if 'the district court has dismissed all claims over which it has original jurisdiction,'" <u>Oras v. City of Jersey City</u>, 328 F. App'x 772, 775 (3d Cir. 2009) (quoting 28 U.S.C. § 1367(c)(3)); and

The Court further noting that "'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court <u>must</u> decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so,'" <u>id.</u> (quoting <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000)); and

The Court noting that this case is merely at the motion to dismiss stage of litigation and that no motions for summary judgment or other dispositive filings have been made; and

The Court further noting that the remaining causes of action

---

[2] In its Opinion dated June 22, 2010, the Court dismissed Plaintiffs' state law claims against Mawhinney because they never served him with a notice of tort claim in accordance with the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 <u>et</u> <u>seq.</u>

in this case involve only New Jersey common law claims, namely intentional interference with economic advantage and defamation; and

The Court further noting that the facts and allegations surrounding Cappella and the Atlantic City Vulcans are either distinct from those involving Bennett or may require a different analysis or outcome than those articulated in this Court's Opinion and Order dated June 22, 2010;[3] and

The Court further noting that prior adjudications in this case largely focused upon other defendants who have since been dismissed from this action and that, before the present matter, the Court has not had the occasion to substantively address any claims against either of the remaining defendants, Cappella or

---

[3] Because each set of facts and each claim should be resolved independently and on a case-by-case basis, the Court is not concerned with the hypothetical possibility that another court may reach a result inconsistent with this Court's earlier decision. Rather, if a New Jersey state court were to address the arguments advanced by Cappella or the Atlantic City Vulcans, this Court is confident that the state court will appropriately interpret the applicable state law, and will have this Court's prior decision to offer whatever guidance it may be worth. After all, this Court's decision concerning Bennett, and the lack of tort notice provided to him, simply relied upon an examination of New Jersey legal precedent. A New Jersey state court is just as capable as this Court to analyze New Jersey law and reach the correct result.

Moreover, were the Court to consider defendants' motions and conclude that even one of the defendants should remain in this case, the Court will be pressed to continue to preside over a case that involves only state law claims and presents no extraordinary circumstances at all to justify the persistent exercise of supplemental jurisdiction.

the Atlantic City Vulcans; and

The Court finding that considerations of judicial economy, convenience, and fairness do not affirmatively justify the exercise of supplemental jurisdiction under the circumstances of this case; and

The Court further finding that none of the parties has suggested any basis other than supplemental jurisdiction upon which this Court could exercise any authority over this case;[4] and

The Court noting that Plaintiffs' suit was originally filed in this Court, and not state court, and that remand is therefore unavailable to the parties;[5]

Accordingly,

IT IS on this   22nd   day of   November  , 2010, hereby

**ORDERED** that the Court declines to exercise supplemental jurisdiction over the remaining state law claims in this case; and it is further

---

[4] Previously, the Atlantic City Vulcans, as part of its first motion to dismiss Plaintiffs' claims, asked the Court to decline exercising its supplemental jurisdiction over this case.  At that time, the Court could not do so because it was unclear whether Plaintiffs had articulated a federal cause of action against Cappella.  Since that time, however, Plaintiffs have clarified that no federal cause of action remains in this case.

[5] Though the Court will not remand their case, Plaintiffs may attempt to institute their action in the proper state court if they so choose.  See 28 U.S.C. § 1367(d) (tolling the period of limitations for a claim that is dismissed from federal court on the basis of supplemental jurisdiction).

**ORDERED** that Cappella's motion to dismiss Plaintiffs' complaint [Doc. # 57] is **DENIED** as moot; and it is further

**ORDERED** that the Atlantic City Vulcans' motion to dismiss Plaintiffs' complaint [Doc. # 69] is **DENIED** as moot; and it is further

**ORDERED** that this case is to be **CLOSED**.


                                      /s/ NOEL L. HILLMAN
                                      HON. NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey